

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

February 9, 1966

Honorable John C. Mullen
County Attorney
Jim Wells County
P. O. Box 1429
Alice, Texas

Opinion No. C-603

Re: Under the new Code of Crimi-
nal Procedure, whether a
search warrant may issue to
search a house for venison
in connection with a pro-
posed charge of killing deer
out of season.

Dear Mr. Mullen:

In your recent request for an opinion of this office
you state in effect that a game warden came to you to apply
for a search warrant to search a house for venison in con-
nection with the proposed charge of killing deer out of sea-
son in Jim Wells County. You state further that under the
provisions of Article 18.02 of the new Code of Criminal Pro-
cedure, a search warrant may be issued to discover property
acquired by theft or any other manner. You state further:

"The addition of the word 'such' in Sec-
tion 5, of 18.02 in my opinion restricts the
scope of that section to the specific arti-
cles named in 1, 3 and 4."

You then ask under what circumstance may a search war-
rant issue to seize the illegally obtained venison.

Article 18.02, new Code of Criminal Procedure, reads
in its entirety as follows:

"Article 18.02 /305/ When it may issue

"A search warrant may be issued:

"1. To discover property acquired by
theft or in any other manner which makes
its acquisition a penal offense;

"2. To search suspected places where
it is alleged property so illegally ac-
quired is commonly kept or concealed;

"3. To search places where it is alleged implements are kept for use in forging or counterfeiting;

"4. To search places where it is alleged arms or munitions are kept or prepared for the purpose of insurrection or riot; and

"5. To seize and bring before a magistrate any such property, implements, arms and munitions."

Clearly, under Section 1, a search warrant may issue to discover any property which is acquired in any manner where the acquisition has been declared a penal offense.

Article 873, Vernon's Penal Code, states that it shall be illegal for any person to take, kill, hunt, wound or shoot at a game animal at any time of year other than during the open season, as provided for in Chapter VI, of the Penal Code, and that to do so is a misdemeanor. Article 879g, Vernon's Penal Code, provides for an open season on buck deer from November 16 to December 31 of each year. Article 978L-2, Section 2 and Section 18, Vernon's Penal Code, makes it unlawful and a misdemeanor to kill game animals west of the Pecos River. Section 4 thereof provides for an open season. Acts 58th Leg., R.S. 1963, ch. 288, p. 761, provides that it shall be unlawful and a misdemeanor to kill deer in Jim Wells County unless authorized by the Game and Fish Commission (Board for Parks and Wildlife) by proclamation or order. Article 978j, Vernon's Penal Code, lists numerous local and special game laws making it a misdemeanor to kill deer except during a prescribed open season. Acquiring venison by the act of killing deer out of season in Jim Wells County is a penal offense.

In view of the statutes aforementioned, we are of the opinion that Article 18.02, new Code of Criminal Procedure, authorizes the issuance of a search warrant to search for venison obtained by someone by killing deer out of the legal season and to bring the venison before a magistrate.

## SUMMARY

Article 18.02, Code of Criminal Procedure (1966) provides for the issuance of a search

Honorable John C. Mullen, page 3 (C-603)

>warrant to search for venison which has been
>obtained by killing deer out of season, said
>act being a penal offense and it further pro-
>vides that the venison might be brought be-
>fore a magistrate.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: J. Milton Richardson

J. MILTON RICHARDSON
Assistant Attorney General

JMR/dt:br

APPROVED

OPINION COMMITTEE:

W. V. Geppert, Chairman
Dunklin Sullivan
Thomas Mack
Robert Flowers
Roger Tyler

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright